REID, Judge.
On May 19, 1958, plaintiff herein, William Asa Sharp, filed petition seeking a separation “a mensa et thoro” from his then wife, the defendant herein, Elsie Hat-ton Sharp, on the grounds of abandonment, and prayed that Mrs. Elsie Hatton Sharp be awarded the custody of their minor children, Cynthia Claire Sharp and Willie *117 Michael Sharp. The defendant filed answer and reconventional demand seeking $150.00 per month support and maintenance for the said minor children and permanent care, custody and control of the minors. On July 29, 1958, The Family Court for East Baton Rouge Parish rendered judgment granting William Asa Sharp a separation from bed and board, granting Mrs. Elsie Hatton Sharp the permanent care, custody and control of the two minor children, and $75.00 per month alimony. The judgment further ordered a social study be made in regard to visitation rights to be granted the plaintiff, William Asa Sharp.
On October 1, 1958, the Court granted William Asa Sharp the right to have the minor children visit him on alternate weekends commencing at 10:00 A.M. on Saturday and extending to 6:00 P.M. on Sunday, commencing October 11, 1958, the said William Asa Sharp to secure the children at the home of the mother at Liberty, Mississippi, at or about 10:00 A.M. on Saturday and return them on or before 6:00 P.M. on Sunday. On November 14, 1958, William Asa Sharp filed a petition seeking a rule nisi ordering Mrs. Elsie Wilson Hatton Sharp to show cause why she should not be held in contempt of court for violation of the October 1, 1958 judgment relative to visitation rights of the father and asking that he be relieved of paying alimony ¿o Mrs. Elsie Hatton Sharp during the period in which she was in contempt of court. Such a rule was issued on November 14, 1958.
Subsequently, the said Mrs. Elsie Wilson Sharp caused to be filed in the record herein a certified copy of a writ of injunction obtained in the Chancery Court of Amite County, Mississippi, enjoining the father from taking or removing the two minor children from beyond the jurisdiction of the State of Mississippi, and from having the children with him overnight, but granted him the right to visit the children in the daytime between the hours of 10:00 A.M. Saturday and 6:00 P.M. Sunday, but said children to remain in the custody of petitioner at all other times. Said writ of injunction was dated October 22, 1958. On July 13, 1959, Mrs. Elsie Hatton Wilson Sharp obtained an absolute divorce in the same Mississippi court, which judgment granted the father the right to visit with his children at the home of his father or that of Mrs. Elsie Cockerham in Amite County, Mississippi, in the daytime from Saturday at 9:00 A.M. until Sunday at 6:00 P.M. twice each month during the summer months and once each month during the school year. In July of 1963, after both mother and father of the said minor children had remarried, the Mississippi decree was modified to grant the father the right to visit with his children within the State of Mississippi or at his home in Baker, Louisiana, once each month during school terms on week-ends from 10:00 A.M. Saturday, overnight, and until 10:00 A.M. Sunday morning, and to visit the said minor children at any place during the summer vacation for two weeks each, and to have the children for a period of five days during the Christmas vacation.
On October 11, 1966, William Asa Sharp filed a petition alleging that his daughter had married and was living away from her mother and that the mother, Mrs. Elsie Hatton Wilson Heuman, was in need of psychiatric attention, and obtained an order for said Mrs. Heuman to show cause why she should not submit to a psychiatrist for mental examination.
On October 12, 1966, Mrs. Heuman filed a declinatory exception of improper venue, alleging that by his appearance in a Mississippi proceeding, William Asa Sharp was estopped to attack the validity of the Mississippi divorce decree and that as a result of said Mississippi decree, the judgment of separation rendered in the Louisiana proceedings on July 29, 1958, was abated and set aside and rendered ineffective and therefore could not be altered or modified by summary proceedings. On October 24, 1966 she filed a dilatory exception of unauthorized use of summary proceedings, The exceptions were heard and for oral reasons assigned, the Family *118 Court sustained the exception of improper use of summary proceedings and recalled and vacated the rule previously issued and dismissed the petition, and further decreed that the exception of improper venue was not properly before the Court at that time and no ruling was made regarding the same.
On January 6, 1967, William Asa Sharp filed a supplemental petition asking that the Mississippi divorce decree be recognized and given full faith and credit under Article IV, Section 1. of the United States Constitution and that said decree be made a judgment of the Louisiana Court. The petition further sought the permanent care, custody and control of the minor child William Michael sharp, or in the alternative a reassessment of the visitation rights of the father.
The defendant-appellee again filed an exception of improper venue and the court sustained the exception, dismissing plaintiff’s suit at his costs, from which ruling plaintiff appealed to this Court.
The Judge of the lower Court very ably covered this matter in his reasons for judgment and we take the liberty of quoting him herein.
“The Exception to the Venue of this Court made by defendant counsel in this case will be sustained for the following reasons:
“A valid judgment of divorce puts an end to all proceedings to dissolve a marriage, and to all judicial matters incidental to it. It likewise supersedes a judgment of separation previously granted the same parties, including all judicial matters incidental to it. (Pascal, Robert A., ‘Symposium,’ 17 La.L.Rev. 312-313, reproduced in Readings in Louisiana Family Law (Baton Rouge, Louisiana, 1962, page 163.)
“The validity of the divorce judgment granted to the parties herein by the Chancery Court of Amite County, Mississippi, on July 13, 1959, has not been questioned. Therefore, it will be given full faith and credit by this Court.
“The domicile of a divorced woman is the same as that of a femme sole, which, under Article 38 of the Louisiana Civil Code, is the parish in which she has her principal establishment, or in the event she remarries, as in this case, her domicile is that of her present husband, article 39 of the Louisiana Civil Code. It is agreed by both parties to this suit that the residence and domicile of the plaintiff at this time are Jefferson Parish.
“It is the opinion of this Court, therefore, that the present proceedings can only be brought properly in the Parish of Jefferson wherein the defendant now resides.”
This Court has carefully reviewed all of the pleadings and evidence presented and can find no fault or manifest error in the ruling of the Trial Court and, therefore, adopts it as our own.
For the above and foregoing reasons, the decision of the Trial Court is affirmed at appellant’s cost.
Affirmed.